IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **PAIGE GLEGHORN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| | ) |
| **BOBBY WILLIAMS,** | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, Paige Gleghorn, by and through the undersigned counsel, and alleges the following:

## PRELIMINARY STATEMENT

At all times relevant to this action, Paige Gleghorn was housed at Federal Correctional Institution Aliceville ("FCI Aliceville") in Aliceville, Alabama. At all times relevant to this action, Defendant Bobby Williams ("Defendant") was employed as a correctional officer at FCI Aliceville. Throughout November of 2022, Defendant violated Plaintiff's right to bodily privacy when he forced her to reveal her genitals to him for his personal gratification. This civil action seeks redress for Defendant's violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 and Alabama law.

1

## PARTIES

1. **Plaintiff Paige Gleghorn** ("Plaintiff" or "Ms. Gleghorn") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Plaintiff was in custody of FCI Aliceville. Plaintiff is currently housed at a halfway house in Missouri.

2. **Defendant Bobby Williams** ("Defendant") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant was a correctional officer at FCI Aliceville and acted under the color of law. Defendant is being sued in his individual and official capacities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action seeks redress for a violation of Plaintiff's Eighth and Fourteenth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.

5. Venue is proper in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

6. On or about November of 2022, Plaintiff was housed at FCI Aliceville and assigned to room 205 of Pod B4.

7. At all times relevant to this action, Plaintiff was under Defendant's custodial, supervisory, and disciplinary authority.

8. On one day in early November of 2022, Defendant was stationed in Pod B3. Plaintiff remembers taking a shower and walking over to her locker afterwards. To her surprise, Defendant stared directly at her naked body and waved.

9. Defendant came into Plaintiff's unit and propositioned her. He told her that he would be working the night shift for several days and would be stationed in Pod B4 soon.

10. Within the next few days, Defendant was stationed in Pod B4.

11. He told Plaintiff that she must reveal her genitals to him on demand in return for him bringing her contraband into the facility.

12. Plaintiff was forced to show Defendant her breasts and vagina on demand on several occasions throughout November of 2022.

13. Plaintiff was in no position to refuse as Defendant exercised power and control over her as a correctional officer in the facility and pod in which she was housed.

14. Defendant purchased Plaintiff underwear and brought them into the facility to her. He asked her to masturbate in the underwear and return them to him.

15. Defendant also purchased Plaintiff several other items she could not get at the facility such as a charm bracelet, ring, fast food, and white t-shirts in return for her sexual acts.

16. Throughout November of 2022, Plaintiff grew increasingly afraid of declining Defendant's demands as they became increasingly more intrusive.

17. On one night in particular, Plaintiff remembers Defendant coming into her room in the middle of the night. He grabbed her hand and placed it on or near his penis.

18. On another occasion, Defendant suggested that Plaintiff and her cellmate engage in sexual activities for his gratification. Plaintiff did not do so.

19. Plaintiff devised a plan to act as if she was sleeping in hopes that Defendant would not come into her room and bother her. This plan did not deter Defendant because he would still come into the room and wake her up with his demands.

20. Plaintiff desperately wanted to escape Defendant's control, but she did not know how to. She believed that if she refused his demands, she would be retaliated against.

21. Plaintiff even told Defendant that she wanted to be left alone and to stop being asked to perform as he requested, but he assured her that she would be punished if she refused.

22. Plaintiff was fearful and did not want to face the consequences of declining Defendant's demands.

23. Plaintiff knew that she would be transferred from FCI Aliceville in the coming weeks. Therefore, she complied with his demands, although she did not want to, until she was transferred on or around December 7, 2022.

24. As a result of Defendant's sexual abuse of Plaintiff, she suffered humiliation, degradation, mental anguish, and unnecessary infliction of pain and distress.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 - FOURTH AMENDMENT VIOLATION[1]

25. Plaintiff adopts and re-alleges paragraphs 1-3, 5-14, 16, and 19-24 of this Complaint as if fully set forth herein.

26. Even as an inmate housed at FCI Aliceville, Plaintiff retained a constitutional right to bodily privacy.

---

[1] In *Fortner v. Thomas*, this Circuit has recognized that "prisoners retain a constitutional right to bodily privacy because most people have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating." 983 F.2d 1024, 1030 (11th Cir. 1993).

27. However, under Defendant's custodial, supervisory, and disciplinary authority, Plaintiff was forced to expose her genitals to Defendant for his gratification on several occasions.

28. At all times relevant to this inappropriate and unconstitutional conduct, Defendant possessed the authority to discipline Plaintiff if she did not comply with his demands. In Defendant's own words, Plaintiff would be punished if she refused to comply with his demands.

29. Defendant's conduct served no penological purpose and was thus unlawful and violated the Fourth Amendment.

30. As a direct and proximate result of Defendant's actions, Plaintiff suffered humiliation, degradation, mental anguish, and unnecessary infliction of pain and distress.

## COUNT II: VIOLATION OF 42 U.S.C. § 1983 - CRUEL AND UNUSUAL PUNISHMENT[2]

31. Plaintiff adopts and re-alleges paragraphs 1-3 and 5-24 of this Complaint as if fully set forth herein.

32. Defendant, in exercising his authority as a correctional officer at FCI Aliceville, forced Plaintiff to engage in sexual acts for his own gratification.

---

[2] An Eighth Amendment violation occurs when a prison official sexually abuses an inmate. The Eleventh Circuit has repetitively held that "Sexual abuse of a prisoner by a correctional officer has no penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006).

33. Throughout November of 2022, Defendant forced Plaintiff to reveal her genitals to him on demand.

34. At all times relevant to this inappropriate and unconstitutional conduct, Plaintiff was an inmate, and Defendant was a correctional officer that possessed the authority to discipline Plaintiff if she did not comply with his demands.

35. Defendant ensured that Plaintiff understood the power imbalance and her inability to deny his sexual advances.

36. Defendant's exercise and control over Plaintiff served no penological purpose and was thus unlawful.

37. As a direct and proximate result of Defendant's actions, Plaintiff suffered bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

## STATE CLAIMS

### COUNT III: NEGLIGENCE

38. Plaintiff adopts and re-alleges paragraphs 1-24 of this Complaint as if fully set forth herein.

39. Defendant individually, and in his capacity as a correctional officer at FCI Aliceville, owed inmates, including Plaintiff, a duty to supervise inmates, ensure a reasonably safe and secure environment, and follow all applicable laws and facility policies and procedures in interacting with inmates.

40. Throughout November of 2022, Defendant breached that duty when he forced Plaintiff to engage in indecent sexual acts with him for his personal gratification.

41. Examples of Defendant's breach included forcing Plaintiff to expose her genitals to him, requesting Plaintiff masturbate and return her underwear to him, requesting Plaintiff engage in sexual acts with her cellmate for his personal gratification, and forcing Plaintiff's hand on or near his penis.

42. As a direct and proximate result of the Defendant's breach of his duty of care, Plaintiff suffered bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

## COUNT IV: ASSAULT & BATTERY

43. Plaintiff adopts and re-alleges paragraphs 1-5, 7, 16-17, and 20-24 of this Complaint as if fully set forth herein.

44. In November of 2022, Defendant intended to and did cause harmful and offensive contact to Plaintiff when he forcefully grabbed her hand and placed it on or near his penis.

45. Plaintiff did not and could not consent to this harmful and offensive contact as she was an inmate, and Defendant was a correctional officer.

46. Defendant sadistically, maliciously, willfully, and intentionally used his position as a correctional officer to force Plaintiff to engage in sexual acts for his personal gratification.

47. As a result of Defendant's actions, Plaintiff suffered bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests this Honorable Court enters judgment in her favor and against Defendant for the following relief:

a. Compensatory damages for emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, and special damages in an amount to be determined by a jury;

b. Nominal damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e. All other monetary and/or equitable relief that this Honorable Court deems appropriate and just.

## JURY DEMAND

Plaintiff respectfully requests trial by jury on all issues so triable.

Submitted this 1st day of November 2024.

Respectfully submitted,

*/s/ Kristen E. Gochett*
Leroy Maxwell, Jr.
Kristen E. Gochett
*Attorneys for Plaintiff*

**OF COUNSEL:**
**Maxwell & Tillman**
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
kgochett@mxlawfirm.com
maxwell@mxlawfirm.com

**DEFENDANT SERVED VIA PRIVATE PROCESS SERVER.**

**Bobby Williams**
*Delivered via private process server.*

*/s/ Kristen E. Gochett*
OF COUNSEL